UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

IN RE:

    KEVIN MICHAEL POWELL,                     Case No. 10-35693-dof
                                                                         Chapter 7 Proceeding
            Debtor.                                         Hon. Daniel S. Opperman
_____/
DANIEL AND SUSAN MCCLARY, FLOYD KLOC,
AND A.A.L. FLOYD P. KLOC, P.C.,

    Plaintiffs,

v.                                                                            Adversary Proceeding
                                                                            Case No. 10-3823-dof

KEVIN MICHAEL POWELL,

    Defendant.
_____/

**OPINION REGARDING ATTORNEY FEES, COSTS, AND EXPENSES IN
CONNECTION WITH DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

    Plaintiffs, Daniel and Susan McClary, were plaintiffs in a state court action against Defendant, Kevin Michael Powell, and co-Plaintiffs, Floyd Kloc and A.A.L. Floyd P. Kloc, P.C., represented Daniel and Susan McClary. A judgment in favor of Daniel and Susan McClary and against Kevin Powell was entered by the Saginaw County Circuit Court on June 21, 2010, assessing damages in the amount of $30,000 for an assault and battery claim, $12,500 and $477 on a trespass claim, $8,000 for intentional infliction of emotional distress, and $5,000 for negligent infliction of emotional distress. This Court has previously ruled that the assault and battery and intentional infliction of emotional distress claims satisfy the elements under 11 U.S.C. § 523 and are excepted from discharge. The remaining claims against Mr. Powell may be discharged.

    The remaining issue is the amount of attorney fees and costs, if any, that Mr. Kloc is entitled to by virtue of the Defendant's decision to reject a case evaluation award entered as part of the

alternative dispute resolution process in the state court. Mr. and Mrs. McClary request $26,781 in their Complaint. Mr. Powell argues that this amount should be considerably less, based upon a apportionment argument comparing the amount recovered by Mr. and Mrs. McClary against him, as opposed to the amount that is excepted from discharge.

<u>Findings of Fact</u>

Mr. Powell drove a tractor onto real property owned by Mr. and Mrs. McClary to remove signs and property line posts. Mr. McClary tried to stop Mr. Powell, who removed the items that he wanted to remove and then attacked Mr. McClary, severely beating him. Subsequently, Mr. Powell pled guilty to felonious assault and as of June 21, 2010, paid restitution in the amount of $4,805.91.

After this incident, Mr. and Mrs. McClary retained the services of Mr. Kloc and filed a lawsuit against Mr. Powell and another Defendant, Suann Rodgers. Ms. Rodgers is not a party to this adversary proceeding and any issues regarding her actions are not considered as part of this Opinion.

In due course, the case was ready for trial, but before trial was commenced the parties engaged in an alternative dispute resolution process known as case evaluation. Per the Michigan Court Rules, a party has the right to reject an award of a case evaluation panel but bears the risk of paying actual attorney fees and costs in the event that the rejecting party does not obtain a more favorable verdict. In this case, Mr. Powell rejected the case evaluation, and the jury verdict exceeded the case evaluation by the requisite amount. Accordingly, Mr. Powell was responsible for attorney fees and costs under the Michigan Court Rules. Using a basis of an hourly rate of $150, Mr. Kloc calculated his attorney fees as being $27,878.50. In turn, he divided this amount by 50% in regard to the assessment of the fees to Mr. Powell and Ms. Rodgers. Mr. Kloc also detailed in Plaintiff's Verified Bill of Costs and Interest filed with the state court costs as to Mr. Powell in the

amount of $3,094.18 and further calculated interest for the various counts in the state court action. As of the July 19, 2010, Verified Bill of Costs and Interest, interest of $5,113.93 accrued on the assault and battery claim, and $1,406.12 for the intentional infliction of emotional distress claim.

## Statement of Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334, and E.D. Mich. LR 83.50. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) (determination as to the dischargeability of particular debts).

## Analysis

Mr. and Mrs. McClary argue that they are entitled to the recovery of attorney fees and costs by virtue of Mr. Powell's rejection of the case evaluation award and failure to obtain a requisite lower verdict. As a result, Mr. and Mrs. McClary argue that all of the attorney fees incurred by them in regard to the state court action, as allowed by the Michigan Court Rules, should be assessed as an exception to discharge under 11 U.S.C. § 523. Mr. Powell instead argues that this Court should apportion the amount of attorney fees based upon the counts that were the basis of a successful exception to discharge action. Per Mr. Powell's calculations, the counts that were discharged constitute 41.39% of the total award and that Mr. and Mrs. McClary's request for attorney fees and costs should be reduced by this amount. All parties agree that this Court should make this determination and that some attorney fees and costs should be held excepted from discharge. As legal support for each parties' conclusion, the Court notes the direction of the United States Supreme Court in the case of *Cohen v. De La Cruz*, 523 U.S. 213, 118 S.Ct. 1212, 140 L.Ed.2d 341 (1998).

As an initial matter, this case presents the Court with the challenge of balancing the congressional intent of allowing debtors a fresh start with the supplemental concept that exceptions to discharge should be narrowly construed. On the other hand, the Court is directed per *Cohen*, to allow the recovery of attorney fees and costs when those fees and costs are allowed by state law.

*Cohen*, 523 U.S. at 220-21. Likewise, the corresponding policy reason to allow the recovery of attorney fees and costs is to encourage resolution of matters and, when one party unreasonably rejects an award, to shift the costs of litigation to the party who has rejected such a reasonable determination. Overlying all of these arguments is the concern that the attorney fees and costs must be somehow related to the debt excepted from discharge and that the requested attorney fees and costs are somehow divided or apportionable based upon the nature of the case.

In this case, Mr. Kloc was presented with the challenge of proving numerous counts against Mr. Powell. As near as the Court can tell from the documents presented to it, Mr. Kloc was very successful in that endeavor and, per the Michigan Court Rules, is entitled to recover his attorney fees and costs. While the Court can see that the various claims can be broken down into debts that are excepted from discharge and debts that are discharged, the facts supporting each particular claim merge together. By way of example, a fair reading of the state court record is that Mr. Powell first started the immediate course of events by driving his tractor on the McClary property and then removing signs and posts. During this process and immediately afterwards, the situation escalated to the point that Mr. Powell assaulted Mr. McClary and severely injured him. While doing so, the jury later concluded that Mr. Powell intentionally inflicted emotional distress on Mr. and Mrs. McClary .

While Mr. Powell offers a concise mathematical formula to apportion the attorney fees and costs here, this apportionment does not recognize the facts of this case. Mr. Kloc, had he had the foresight to do so, could not have simply tried the assault and battery and intentional infliction of emotional distress claims without presenting the necessary preliminary facts to support those claims. In order to be a proper advocate, Mr. Kloc needed to produce evidence and testimony as to Mr. Powell driving on the property and damaging the McClary property, all of which was trespass and dischargeable. In contrast, Mr. Kloc could not just offer testimony of Mr. Powell assaulting Mr.

McClary with the resulting injuries. As this Court analyzes the facts of this case, the stream of events were such that a division of the attorney fees and costs is simply not possible given the sequence of events.

In contrast, if the four counts here were separate promissory notes executed on different days with a separate set of facts, the Court could easily excise the amount of time spent on each count and then assess attorney fees and costs accordingly. Here, in this case, with these facts, the Court is simply unable to do so.

A review of the costs requested by Mr. and Mrs. McClary demonstrates this point even further. By way of example, Mr. and Mrs. McClary seek costs of $62.39 for serving Mr. Powell and $150 (or $75 as divided between Mr. Powell and Ms. Rodgers) for the filing fee for the complaint in the state court action. These expenses would have been incurred even if Mr. Kloc, with remarkable insight, would have only filed a two count complaint seeking damages for assault and battery and cannot be apportioned as suggested by Mr. Powell.

Mr. Powell's arguments, however, are not without some merit. The time spent at trial in the Saginaw County Circuit Court was undoubtedly lengthened given Mr. and Mrs. McClary's seeking a judgment for claims that were later determined, in this Court, to be discharged. Because the facts of this case are so intertwined, the Court cannot, with any complete and full accuracy, determine the additional time spent by the parties in pursuing claims later held to be discharged.

Moreover, the Court notes that Mr. Kloc has divided many of these expenses by ½ because there were two Defendants in the state court action. At the very least, Mr. Kloc has taken some time and effort to properly apportion those expenses and not assess improper amounts against Mr. Powell.

After a closer review of the record, the Court does deem it appropriate to adjust the attorney fees and reduce the amount by an additional 4 hours as it appears to this Court that there were 8 hours spent that could be separated from the dischargeable versus non-dischargeable claims in the

state court action. Using Mr. and Mrs. McClary's formula of a 50% assessment against Mr. Powell, the Court will, therefore, reduce the hours that Mr. Kloc may recover by 4 hours which, when multiplied by the $150 per hour rate charged by Mr. Kloc results in a reduction of $600. Accordingly, attorney fees that may be recovered by Mr. and Mrs. McClary in this lawsuit are $13,339.25, after reducing the $600 from the $13,939.25 requested by Mr. Kloc. As for the costs, using the Verified Bill of Costs as a basis, the Court cannot determine that any of these costs were solely connected to the trespass or negligent infliction of emotional distress claims. Accordingly, costs of $3,094.18 are included. Finally, Mr. Powell is correct that the interest that may be recovered should only be attributed to the assault and battery and intentional infliction of emotional distress claims. Again, using the Verified Bill of Costs as a foundation, the interest calculated by Mr. Kloc in that document of $5,113.93 and $1,406.12 as of July 19, 2010, should be assessed, and any future interest should only be calculated on those two counts.

Counsel for Mr. and Mrs. McClary is directed to prepare an order consistent with this Opinion and either obtain approval by Mr. Powell's counsel of the order or submit a proposed order using the Court's notice of presentment process.

**Signed on June 12, 2012**

                                                **/s/ Daniel S. Opperman**
                                                **Daniel S. Opperman**
                                                **United States Bankruptcy Judge**